IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHELSEA JADE KNIGHTON**                                        **Plaintiff**

v.                                                              Cause No: _3:22cv056-MPM-RP_

**BENTON COUNTY, MISSISSIPPI;**
**KATHY GRAVES, officially and individually;**
**ROBERT GOOLSBY, officially and individually;**
**STEVE BELEW, officially and individually and**
**JOHN DOES 1-10**                                              **Defendants**

## COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff files this Complaint seeking declaratory, injunctive and monetary relief against Defendants for civil rights violations of the due process clause of the First, Fifth, and Fourteenth Amendment to the U.S. Constitution brought pursuant to 42 U.S.C. § 1983 and other state law actions. In support of this Complaint, Plaintiff alleges as follows:

## PARTIES

1. BENTON COUNTY is government entity organized under the laws of the State of Mississippi who may be served with process through its chancery clerk at 190 Ripley Avenue, Ashland, MS 38603.

2. KATHY GRAVES is sued both in her official capacity as circuit clerk of Benton County and individually. Graves may be served with process at 190 Ripley Avenue, Ashland, MS 38603. All actions of Graves complained of herein were undertaken utilizing her office and position as circuit clerk for Benton County.

3. ROBERT GOOLSBY is sued both in his official capacity as sheriff of Benton County and individually. GOOLSBY may be served with process at 16670 Boundary Drive, Ashland, MS 38603.

4. STEVE BELEW is sued both in his official capacity as an officer and individually. Belew may be served with process at 16670 Boundary Drive, Ashland, MS 38603. At all times as alleged herein, Belew was acting in accordance with the desires and commands of Benton County and was acting as an agent thereof.

5. JOHN DOES 1-10 are persons and entities who are responsible for the improper actions against Plaintiff, including but not limited to the civil rights violations or who are later identified as necessary parties. Upon investigation and discovery Plaintiff anticipates that other government officials will be names as Defendants as communications and testimony is collected.

## JURISDICTION AND VENUE

6. This case arises in part under the First and Fourteenth Amendments to the United States Constitution, brought pursuant to the procedural vehicle of 42 U.S.C. §1983 and accordingly, this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemented jurisdiction over Plaintiff s state law claims pursuant to 28 U.S.C. § 1367.

8. This Court is an appropriate venue for this cause of action pursuant to 28 U.S. C. § 1391. Certain of the predicate acts giving rise to the claims herein occurred in part within this district.

## STATEMENT OF FACTS

9. Plaintiff's mother-in-law was Kathy Graves, the circuit clerk of Benton County.

10. During the course of the marriage, Graves' son was involved with heavy drug use. As a result, Graves' son was in and out of trouble with the law, usually with the assistance of his mother to get out trouble.

11. At some point during the marriage, Graves undertook a course of action to obtain custody of the Plaintiff's children, routinely causing problems and using her influence as circuit clerk in Benton County to sway favor with law enforcement and other government officials.

12. On or about February 2, 2021 Graves reported that her son was found passed out in a car from apparent drug use.

13. Without any lawful authority, Graves contacted Goolsby and together a course of action was undertaken that would culminate in the arrest of the Plaintiff who was not guilty of any offense.

14. Graves and Belew set out to the Plaintiff's home, and Belew located several drug tests to take with them to the home. Upon information and belief, all actions taken by Belew were at the command and/or request of Graves.

15. Graves and Belew then entered Graves' home and informed Plaintiff that she must take a drug test immediately.

16. Plaintiff refused to take a drug test as unlawfully ordered by the circuit clerk and an officer. Neither Graves nor Belew had any lawful authority to order a

drug test of the Plaintiff.

17. Belew then forced Plaintiff into a bathroom and ordered Plaintiff to remove her pants and pee in a cup, but Plaintiff was not willing or able to pee in a cup as ordered by Belew.

18. The experience in the bathroom was humiliating and degrading to the Plaintiff.

19. Belew, at the behest of Graves, then forced Plaintiff onto a couch, held Plaintiff down, and forcefully swabbed Plaintiff's cheeks and mouth with a drug test that was long expired.

20. Belew then got up and placed the swab into a container.

21. Belew then aggressively said "Opiates," but would not show Plaintiff the alleged results from the expired drug test.

22. Belew and Graves then said that they were contacting the sheriff and would be back to arrest the Plaintiff.

23. Graves then took the Plaintiff's daughter and left.

24. Later that day deputies from the Benton County Sheriff's County Department arrived at the order of Sheriff Goolsby and placed the Plaintiff under arrest for child neglect, alleging that Plaintiff had taken drugs in the presence of her children. The affidavit was signed by Sheriff Goolsby who lacked any personal knowledge of the facts alleged.

25. No person witnessed Plaintiff allegedly take drug in the presence of her children.

26. No person witnessed Plaintiff allegedly take any drugs in close temporal proximity to the time of the arrest.

27. All legitimate drug test administered post arrest on the Plaintiff showed that the Plaintiff was clean.

28. In fact, Plaintiff was given several drug tests - by CPS and privately - post arrest that were clean.

29. Plaintiff was incarcerated for over two weeks based upon the false charges.

30. Plaintiff's children were taken from her by the state based upon the false allegations made by Goolsby, Belew and Graves

31. Because of the Defendants, Plaintiff has been forced to defend herself in youth court and criminal court because of the false charges made against her by the Defendants.

32. Even when the Defendants were shown proof that there were no drugs in Plaintiff's system to support the charges made against Plaintiff, the Defendants still refused to acknowledge their unlawful actions.

## STATE LAW CLAIMS

### a. Menace/Emotional Distress – Graves

33. Graves has undertaken a course of action to harass, intimidate, and bully Plaintiff, culminating in a physical **assault/battery** for which Graves is jointly liable as instigating the and being directly involved with the **harassment/assault** by Belew.

34. Graves' actions have taken place over a period of time and are described in

Mississippi law as a menace.

35. Graves routinely interferes in the life of Plaintiff and makes false allegations in an attempt to assuage Graves' refusal to acknowledge the failures of her son, a drug addict.

36. Additionally, Graves' actions constitute the torts of intentional infliction of emotional distress. Graves' actions are outrageous and have been undertaken with the intent to harm Plaintiff and cause Plaintiff emotional distress.

**b. Malicious/Intentional Interference in Familial Relationships – Graves**

37. Graves has undertaken a course of action to interfere with the Plaintiff's relationship with her children.

38. Graves' unlawful actions have been wholly intended to deprive Graves of a meaningful relationship with her children.

39. Graves purpose in pursuing the acts complained of herein is to interfere with Plaintiff's custodial relationship of her own children.

40. Graves' actions are outrageous and hint of corruption as Graves has routinely used her position as an elected official to accomplish her goals and unlawful acts. Despite multiple employees and officials in Benton County being aware of Graves' actions, multiple officials are complicit and actually aid in Graves' unlawful acts, as described further herein.

**c. Malicious Prosecution/False Arrest**

41. Defendants Goolsby and Graves are liable and responsible for the malicious prosecution and false arrest of the Plaintiff.

42. Defendants lacked probable cause for the arrest of the Plaintiff as no witness testified or swore under oath in order to satisfy the elements of MCA 97-5-39(1)(a). Nor could there by any witness to events that never happened.

43. The arrest of the Plaintiff was made without a warrant and the information provided by the Defendants to other officials was knowingly false and/or reckless.

44. In accordance with Mississippi law, Plaintiff's claims fall outside the immunity of the MTCA.

45. The allegations made by these Defendants were false and the Defendants knew or should have known that the allegations were unsupported by the evidence.

46. The charges brought and filed against the Plaintiff have been dismissed in favor of the Plaintiff.

### d. Assault/Battery

47. Defendant Belew is liable for the assault and battery of the Plaintiff.

48. When Plaintiff refused to be given an unlawfully ordered drug test, Belew forcefully held down the Plaintiff and swabbed the Plaintiff cheeks against the Plaintiff's will.

### e. Conspiracy

49. Because the evidence and facts tend to show that the Defendants conspired together to undertake the course of action complained of herein, all Defendants are liable as co-conspirators in the torts committed and civil rights

violations discussed further herein.

50. Each Defendant should be considered a co-conspirator and jointly liable for all torts and civil right violations alleged herein.

## ALLEGATIONS OF FEDERAL LAW

51. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

52. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Benton County.

53. It is the policy and practice of the Defendants to violate the civil rights of in and around the area of Benton County where the unlawful search, seizure and arrest occurred.

54. It is the policy and custom of Defendants to falsely arrest citizens in the area of Benton County where the unlawful seizure occurred.

55. Defendants did not have reasonable suspicion and/or probable cause to order Plaintiff to take a drug test or to arrest the Plaintiff.

56. Defendants did not follow their own policy or procedure in searching, testing, arresting, booking, and holding Plaintiff.

57. Defendant has failed to train and/or supervise their subordinates to prevent the actions described herein.

58. Defendants' actions were in bad faith and were intended and designed to punish the Plaintiff.

59. Defendants have a pattern and practice of utilizing unlawful and excessive actions to intimidate and harass others.

60. At all times relevant to this action, Plaintiffs' rights were clearly established. At all times relevant to this action, Defendants violated Plaintiffs' constitutional rights.

61. Defendants' actions evidence malice and/or constitute willful misconduct.

62. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had his liberty and privacy interests severely impacted.

### COUNT I IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Seizure

63. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

64. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of his person.

65. Defendants had an affirmative duty to prevent such intrusions.

66. Defendant officers, acting without authority, knowingly conducted an illegal seizure of Plaintiff.

67. Defendants used excessive force resulting in Plaintiff's unlawful seizure and incarceration.

68. Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiff, unlawfully seized Plaintiff despite lacking reasonable suspicion or probable cause.

69. Plaintiff has an established constitutional right to be free from an unlawful seizure and confinement.

70. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

71. Further, all Defendants had a duty to intervene and prevent the unlawful violations of Plaintiff's rights. No Defendant intervened or attempted to prevent the unlawful acts complained of herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT II IN VIOLATION OF 42 U.S.C. 1983
### 1st Amendment

72. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

73. The Defendants placed Plaintiff under arrest only after she protested the Defendants' unlawful commands.

74. The Defendants attacked and placed Plaintiff under arrest only after she protested the unlawful commands.

75. The unlawful and retaliatory actions of Defendants, as alleged herein, deprived Plaintiff of his rights under the 1st Amendment.

76. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the 1st Amendment, were injured.

77. In addition, or in lieu of the unlawful commands, Plaintiff had refused to give custody of her children to Graves. In retaliation, Graves undertook the actions complained of herein and conspired with other officials to harm the Plaintiff as alleged herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – False Imprisonment

78. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

79. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of her rights against false imprisonment.

80. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and falsely imprisoned Plaintiff with the understanding that there was no lawful arrest made of the Plaintiff.

81. No reasonable officer or person in Defendants' position, with the information each had in his or her possession when seeking the search, seizure, and arrest of Plaintiff, would have found their actions to be constitutional.

82. Based on the acts described herein, the process by which Plaintiff was wrongfully searched, arrested and confined was so wholly lacking in the concept of justice in a civilized society, that Plaintiff was never actually provided legal process and, therefore, were falsely imprisoned by Defendants.

83. Defendant Benton County and Goolsby, as supervisors of Defendant Officers, respectively, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants described herein, with the intent and understanding to bring about Plaintiffs' unconstitutional arrests, testing, search, and confinement.

84. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

**COUNT IV IN VIOLATION OF 42 U.S.C. 1983**
**Excessive Force in Violation of the Fourth and Fourteenth Amendment**

85. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

86. As complained of herein the Defendants conspired to and used excessive force upon the Plaintiff during an unlawful seizure and violated Plaintiff's right to bodily integrity.

87. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

88. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

89. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

90. Plaintiff has suffered psychological and emotional distress and injuries from the Defendants' unlawful actions.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT V IN VIOLATION OF OF– 42 U.S.C. § 1983
### (Fourteenth Amendment – Fabrication/Misrepresentation of Evidence)

91. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

92. Upon information and belief, Defendants provided deliberately or recklessly false/misleading evidence and/or information in order to prosecute Plaintiff including a false affidavit which constitute perjury.

93. All Defendants knew that the information was false and no Defendant intervened to prevent the violations of Plaintiff's rights.

94. As a result of the false information, Plaintiff was incarcerated for weeks.

WHEREFORE Plaintiffs pray for relief against all Defendants as set forth below.

## COUNT VI IN VIOLATION OF OF– 42 U.S.C. § 1983
### (Fourteenth Amendment) Abuse of Process/Power

95. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

96. Goolsby and Graves have both abused and misused their positions as elected officials to intimidate and harass the Plaintiff.

97. As a result of the Defendants' actions Plaintiff was incarcerated for weeks, temporarily lost custody of her children, and has been severely injured psychologically and emotionally.

## COUNT VII IN VIOLATION OF OF– 42 U.S.C. § 1983
### (Fourteenth Amendment) Right to Familial Association

98. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

99. Defendants have utilized their power and authority as government officials to unlawfully interfere with the Plaintiff's relationship with her children and otherwise harass the Plaintiff.

100. The right to familial association or family integrity "is a form of liberty guaranteed by the due process clause of the Fourteenth Amendment." *Morris v. Dearborne,* 181 F.3d 657, 667 (5th Cir.1999).

101. Although this right is "nebulous and undefined," *Rolen v. City of Brownfield, Tex.,* 182 Fed.Appx. 362, 364 (5th Cir.2006) (unpublished) (per curiam), it is best described as "the right of the family to remain together without the coercive interference of the awesome power of the state." *Morris,* 181 F.3d at 667 *(quoting Hodorowski v. Ray,* 844 F.2d 1210, 1216 (5th Cir.1988)).

102. Defendants Goolsby and Graves are both final policy makers for Benton County who have taken actions directly against the Plaintiff, actions that have been intended to interfere with the Plaintiff's family unit.

103. Because of the Defendants' intentional acts, Plaintiff has been separated from her children and forced to fight to regain custody.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands trial by jury and requests the following relief:

A. Award Plaintiff monetary relief in an amount to be determined but in excess of the minimum jurisdictional limits of this Court.

B. Award Plaintiff costs and other reasonable expenses incurred in maintaining this action, including reasonable attorney's fees as authorized by law and 42 U. S.C §1988.

C. Grant such further and additional relief as the Court may deem just, proper, and equitable.

D. Award Plaintiff damages for actual, compensatory, pecuniary, non-pecuniary, and punitive damages against the Defendants named herein.

E. Award Plaintiff injunctive relief prohibiting the Defendants from further interference with the Plaintiff's familial relationships and harassment.

This the 14th day of April 2022.

CHELSEA JADE KNIGHTON
Plaintiff

_____
Daniel M. Waide, Esq.

Daniel M. Waide, (MSB#103543)

Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net