## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**CHELSEA JADE KNIGHTON**                        **PLAINTIFF**

**VS.**                 **CIVIL ACTION NO. 3:22cv056-MPM-RP**

**BENTON COUNTY, MISSISSIPPI;**
**KATHY GRAVES, officially and individually;**
**ROBERT GOOLSBY, officially and individually;**
**STEVE BELEW, officially and individually; and**
**JOHN DOES 1-10**                        **DEFENDANTS**

## SEPARATE ANSWER AND DEFENSES OF
## ROBERT GOOLSBY

COMES NOW Robert Goolsby, Defendant, by and through counsel, and files this his Answer and Defenses to the Complaint exhibited against it in the above styled and numbered cause, denying that Plaintiff is entitled to recover any sum or form of relief whatsoever from this Defendant, and further shows unto the Court as follows, to-wit:

### FIRST DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that Plaintiff has failed to comply with statutory notice requirements mandated under the Mississippi Tort Claims Act, and the Complaint should therefore be dismissed.

### THIRD DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that some or all of Plaintiffs' claims are barred by sovereign immunity.

### FOURTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively pleads all applicable statutes of limitation.

### FIFTH DEFENSE

To the extent the Plaintiff is asserting any state law claims, answering defendant invokes each and every restriction, limitation, requirement, privilege and immunity of theMississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### FOURTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that all claims of Plaintiffs are barred by the statute of limitations found at Miss. Code Ann. §11-46-11(3)(a) (2019).

### FIFTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that punitive damages, attorneys fees, pre-judgment interest, and any other form of exemplary damage sought in the Complaint are prohibited by and under the Mississippi Tort Claims Act, and such claims should be dismissed with prejudice.

<u>SIXTH DEFENSE</u>

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that no jury trial is permitted under the Mississippi Tort Claims Act and Plaintiffs' request for same with respect to State law claims should be denied and dismissed.

<u>SEVENTH DEFENSE</u>

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that Plaintiffs' injuries and damages, if any there be, are the sole proximate cause of Plaintiffs' own individual and collective negligence and/or wrongful conduct, and Plaintiffs cannot, accordingly, recover from Defendant to the extent of said negligence and/or wrongful conduct.

<u>NINTH DEFENSE</u>

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that this Defendant is not and cannot be liable to Plaintiff under any *respondeat superior* theory of liability for the actions of others as a matter of law, and Plaintiff can show no official policy or widespread pattern or custom which caused her injury, nor can Plaintiff show any county policy or practice reflecting deliberate indifference to her constitutional rights and she cannot, accordingly, recover any sum or form of relief from this Defendant.

<u>TENTH DEFENSE</u>

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. §11-1-65, Defendant pleads and invokes the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this cause, affirmatively denying that Plaintiffs are entitled to punitive and/or exemplary damages as against Defendant for any reason whatsoever.

ELEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant pleads and invokes the terms, provisions and protections of Miss. Code Ann. §85-5-7.

TWELFTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively pleads the abstention doctrine under and pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, averring that this Court's assumption of jurisdiction in this case would likely interfere with a plethora of pending state court proceedings emanating from the personal and familial dispute which has persisted and continues to persist between Plaintiff and co-defendant Kathy Graves; accordingly, this Court should abstain from asserting jurisdiction over this matter.

THIRTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, individual Defendant is entitled to qualified immunity as to the claims asserted against him in hisr individual capacity. More specifically, as for individual capacity claims, the answering Defendant affirmatively avers that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

FOURTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant again denies that he is liable to Plaintiffs, or either of them, for any sum or form of relief whatsoever, and responds to the Complaint, paragraph by paragraph, as follows, to-wit:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or

averment contained in paragraph 2 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 4 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

5. The allegations contained in paragraph 5 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 5 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

## JURISDICTION AND VENUE

6. This Defendant admits that this Court may have jurisdiction in this matter but incorporates herein by reference for all purposes its Twelfth Defense invoking the Abstention Doctrine; the rest and remainder of the allegations contained in paragraph 6 are denied.

7. This Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. This Defendant admits the allegations contained in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Upon information and belief this Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, and therefore denies same.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and therefore denies same.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and therefore denies same.

13. This Defendant denies the allegations of paragraph 13 of the Complaint as phrased. It is admitted that co-defendant Graves contacted me about drug use on the part of Plaintiff and co-defendant Graves' son, and both were arrested.

14. This Defendant denies the allegations contained in paragraph 14 of the Complaint as phrased.

15. This Defendant denies the allegations contained in paragraph 15 of the Complaint as phrased.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, and therefore denies same.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, and therefore denies same.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore denies same.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore denies same.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and therefore denies same.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and therefore denies same.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24. This Defendant denies the allegations contained in paragraph 24 of the Complaint as phrased.

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27.  This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

28.  This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, and therefore denies same.

29.  This Defendant denies the allegations contained in paragraph 29 of the Complaint as phrased.

30.  This Defendant denies the allegations contained in paragraph 30 of the Complaint as phrased.

31.  This Defendant denies the allegations contained in paragraph 31 of the Complaint as phrased.

32.  This Defendant denies the allegations contained in paragraph 32 of the Complaint as phrased.

.

## STATE LAW CLAIMS

**a.  Menace/Emotional Distress—Graves**

33.  The allegations contained in paragraph 33 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 33 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

34.  The allegations contained in paragraph 34 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or

averment contained in paragraph 34 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

35. The allegations contained in paragraph 35 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 35 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

36. The allegations contained in paragraph 36 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 36 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

### b. Malicious/Intentional Interference in Familial Relationships—Graves

37. The allegations contained in paragraph 37 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 37 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

38. The allegations contained in paragraph 38 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 38 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

39. The allegations contained in paragraph 39 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 39 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

40. This Defendant denies the allegations contained in paragraph 40 of the Complaint.

**c. Malicious Prosecution/False Arrest**

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. This Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, and therefore denies same.

**d. Assault/Battery**

47. The allegations contained in paragraph 47 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 47 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

48. The allegations contained in paragraph 48 of the Complaint do not apply to this Defendant and no answer is required of or from this Defendant; if, however, any allegation or averment contained in paragraph 48 of the Complaint is intended to impose liability or fault upon this Defendant, then it is denied.

**e. Conspiracy**

49. This Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. This Defendant denies the allegations contained in paragraph 50 of the Complaint.

## ALLEGATIONS OF FEDERAL LAW

51.  This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

52.  This Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.  This Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.  This Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.  This Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.  This Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.  This Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.  This Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.  This Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.  This Defendant denies the allegations contained in paragraph 60 of the Complaint as phrased.

61.  This Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.  This Defendant denies the allegations contained in paragraph 62 of the Complaint.

## COUNT I IN VIOLATION OF 42 U.S.C.1983
### Fourth Amendment/Fourteenth Amendment—Unlawful Seizure

63.  This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

64.  This Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.  This Defendant denies the allegations contained in paragraph 65 of the Complaint as phrased.

66.  This Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.  This Defendant denies the allegations contained in paragraph 67 of the Complaint.

11

68. This Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. This Defendant admits the allegations contained in paragraph 69 of the Complaint.

70. This Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. This Defendant denies the allegations contained in paragraph 71 of the Complaint, and further denies all and singular of the prayer for relief contained in that unnumbered paragraph appearing on page 10 of the Complaint and beginning with the word "WHEREFORE".

## COUNT II IN VIOLATION OF 42 U.S.C.1983
### 1st Amendment

72. This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

73. This Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. This Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. This Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. This Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. This Defendant denies the allegations contained in paragraph 77 of the Complaint, and further denies all and singular of the prayer for relief contained in that unnumbered paragraph appearing on page 10 of the Complaint and beginning with the word "WHEREFORE".

## COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment—False Imprisonment

78. This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

79. This Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. This Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. This Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. This Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. This Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. This Defendant denies the allegations contained in paragraph 84 of the Complaint and further denies all and singular of the prayer for relief contained in that unnumbered paragraph appearing on page 11 of the Complaint and beginning with the word "WHEREFORE".

## COUNT IV IN VIOLATION OF 42 U.S.C.1983
### Excessive Force in Violation of the Fourth and Fourteenth Amendment

85.  This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

86. This Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. This Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. This Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. This Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. This Defendant denies the allegations contained in paragraph 90 of the Complaint and further denies all and singular of the prayer for relief contained in that unnumbered paragraph appearing on page 12 of the Complaint and beginning with the word "WHEREFORE".

## COUNT V IN VIOLATION OF 42 U.S.C.1983
### (Fourteenth Amendment—Fabrication/Misrepresentation of Evidence)

91.  This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

92. This Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. This Defendant denies the allegations contained in paragraph 93 of the Complaint.

13

94. This Defendant denies the allegations contained in paragraph 94 of the Complaint and further denies all and singular of the prayer for relief contained in that unnumbered paragraph appearing on page 11 of the Complaint and beginning with the word "WHEREFORE".

## COUNT VI IN VIOLATION OF 42 U.S.C. 1983
### (Fourteenth Amendment) Abuse of Process/Power

95. This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

96. This Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. This Defendant denies the allegations contained in paragraph 97 of the Complaint.

## COUNT VII IN VIOLATION OF 42 U.S.C. 1983
### (Fourteenth Amendment) Right to Familial Association

98. This Defendant incorporates herein by reference all and singular of its admissions, denials and defenses set forth hereinabove.

99. This Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains no factual allegations against this Defendant, but is rather an assertion by Plaintiff a right with citations to authority; this Defendant denies the allegations contained in paragraph 100 of the Complaint to the extent that it modifies, amends, changes, misstates, or otherwise departs from the rulings of courts of competent jurisdiction cited therein. The rest and remainder of paragraph 100 is denied.

101. Paragraph 101 of the Complaint contains no factual allegations against this Defendant, but is rather an assertion by Plaintiff a right with citations to authority; this Defendant denies the allegations contained in paragraph 101 of the Complaint to the extent that it modifies, amends, changes, misstates, or otherwise departs from the rulings of courts of competent jurisdiction cited therein. The rest and remainder of paragraph 101 is denied.

102.  This Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.  This Defendant denies the allegations contained in paragraph 103 of the Complaint.

**PRAYER FOR RELIEF**

104.  This Defendant denies all and singular of the allegations, averments and claims for relief contained and set forth in all paragraphs appearing under the caption "PRAYER FOR RELIEF" appearing in the Complaint on page 14 thereof, including subparagraphs A, B, C, D, and E, *inclusive*, and again affirmatively deny that Plaintiff is entitled to recover any sum or form of relief whatsoever from this Defendant.

105.  This Defendant denies each and every allegation and averment contained and set forth in the Complaint and not heretofore admitted or denied.

AND NOW, having asserted its Defenses and responded to the Complaint, Defendant Robert Goolsby, prays that the Court would enter its Order dismissing the Complaint in all of its particulars as against this Defendant, all costs accrued herein to be borne by Plaintiff.

THIS the 9th day of June, 2022.

Respectfully submitted,

Robert Goolsby, Sheriff of Benton County, Mississippi
Defendant

By: */s/Robert J. Dambrino III*
Robert J. Dambrino III  (MB#5783)
Attorney for Robert Goolsby

Of Counsel:

GORE, KILPATRICK & DAMBRINO PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.     662.226.1891
Fx.     662.226.2237
Eml.    rdambrino@gorekilpatrick.com

## CERTIFICATE OF SERVICE

I, Robert J. Dambrino, III, hereby certify that on the 9th day of June, 2022, I

electronically filed the foregoing document with the Clerk of the Court using the ECF system,

which sent notification of such filing to the following:

> Daniel M. Waide, Esq.
> Johnson, Ratliff & Waide, PLLC
> 1300 Hardy Street
> P.O. Box 17738
> Hattiesburg, MS 39404
> email:  dwaide@jhrlaw.net
>
> Attorneys for Plaintiff
>
> Bethany A. Tarpley, Esq.
> Daniel J. Griffith, Esq.
> Jacks Griffith Luciano, P.A.
> 150 North Sharpe Street
> P.O. Box 1209
> Cleveland, MS 38732
> email:  btarpley@jlpalaw.com
>         dgriffith@jlpalaw.com
>
> Attorneys for Defendant Kathy Graves
>
> David O'Donnell, Esq.
> Clayton O'Donnell PLLC
> 1403 Van Buren Avenue, Suite 103
> Oxford, MS 38655
> email:  dodonnell@claytonodonnell.com

16

Attorneys for Defendant Steve Belew

THIS the 9th day of June, 2022.

*/s/ Robert J. Dambrino III*_____

Robert J. Dambrino III  (MB#5783)