IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHELSEA JADE KNIGHTON**                                                                                                   **PLAINTIFF**

v.                                                                                                                           No. 3:22-CV-00056-MPM-RP

**BENTON COUNTY, MISSISSIPPI, et al.**                                                 **DEFENDANT**

**ORDER**

This cause comes before the Court on Defendant Kathy Graves's Motion to Dismiss [15] pursuant to Federal Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6). Plaintiff has responded in opposition to the motion [21], and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

**FACTUAL BACKGROUND**

This matter arises out of a dispute between Plaintiff, Chelsea Knighton, and her mother-in-law, Kathy Graves, who serves as the Circuit Clerk of Benton County, Mississippi. Relationships between daughters-in-law and mothers-in-law are often strained, and Knighton's relationship with Graves is no exception. The events giving rise to this action, though, are not those of a routine family squabble. Knighton alleges that Graves, using her position and connections as Circuit Clerk, brought about Knighton's wrongful arrest and, consequently, loss of custody of her children.

According to Knighton, Graves was notified on February 2, 2021 that her son was found passed out from apparent drug use. Upon learning this, Graves contacted Mississippi Department of Corrections Officer Steve Belew who, after acquiring several drug testing kits, accompanied Graves to Knighton's home where they demanded that Knighton immediately submit to a drug test. She refused. Belew then forced Knighton into a bathroom, ordering her to remove her pants and provide a urine sample for drug testing, which she again refused. At Graves's request, Belew

1

then held Knighton down, forcibly swabbed her cheeks, placed the swab in a container, and declared, "Opiates." After Belew's pronouncement, the pair informed Knighton that they would be contacting law enforcement who would come to arrest her. Though no one witnessed Knighton take drugs, either in front of her children or otherwise, deputies from the Benton County Sheriff's Department did arrive later that day. They placed Knighton under arrest for taking drugs in the presence of her children, as alleged by an affidavit signed by Sheriff Goolsby. A drug test administered post arrest revealed that Knighton was clean and that the test administered by Belew was from an expired kit, which caused a false positive. In fact, Knighton was subjected to several drug tests post arrest, none of which showed any sign of drug use. Despite this exculpatory evidence, Knighton remained incarcerated for over two weeks. Because of the incident and the criminal allegations, Knighton lost custody of her children.

Based on these alleged facts, Knighton filed a complaint asserting violations of the Due Process Clause of the First, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and other state law actions. Graves argues that Knighton's claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) because the *Rooker-Feldman* doctrine and *Younger* abstention bar federal jurisdiction in this case. Alternatively, Graves argues that this action should be dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6). Knighton disagrees.

## DISCUSSION

As a preliminary matter, the Court must decide whether it has subject-matter jurisdiction over this case. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on a Rule

12(b)(1) motion, the Court "is empowered to consider matters of fact which may be in dispute," *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), and should only grant the motion if "the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. The Court will address each of the jurisdictional arguments in turn.

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine establishes the principle that federal district courts lack jurisdiction over suits which are, in substance, appeals from state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine is "narrow[ly]" construed and confined to cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). The fact that a pending action exists, in and of itself, is not enough to trigger *Rooker-Feldman*. The Supreme Court has held that "the pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon*, 544 U.S. at 292. Further, federal suit is not barred if the plaintiff alleges injuries caused by a defendant's actions rather than the judgment itself, even if those actions led to the state court judgment. *Truong v. Bank of America, N.A.* 717 F.3d 377, 382-84 (5th Cir. 2013).

In the instant case, Knighton's filings make it abundantly clear that she is challenging the defendants' actions that precipitated the child custody case, not initiating a collateral attack on a state court judgment. As Knighton noted in her response:

> Simply put, at no point does the Plaintiff demand that this Court make any changes to the custody arrangements currently in effect. Rather, the Plaintiff wants the Defendants held accountable . . . . Neither the youth court nor the chancery court have the ability to provide any relief to the Plaintiff for her claims.

3

Pl.'s Resp. in Opp'n to Graves's Mot. to Dismiss 4, ECF No. 21. Ruling on a case remarkably similar to this one, the Fifth Circuit held in an unpublished opinion that a mother's claim was not barred by *Rooker-Feldman* because she, like Knighton, "d[id] not seek the review or rejection of state court's custody order" and instead "challenge[d] the actions taken by the defendants before the state court entered any orders." *Saloom v. Tex. Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014).

Most importantly, because the custody action is still pending, Knighton is not a "state court loser" and, thus, the first prong of the *Exxon* test is not met. *Exxon*, 544 U.S. at 292. Acccordingly, the Court finds that Knighton's claims are not barred by the *Rooker-Feldman* doctrine.

**B.** *Younger*

*Younger* abstention prevents federal courts from hearing claims of injunctive relief when doing so "would interfere" with pending state court proceedings. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Like *Rooker-Feldman*, the Supreme Court has stressed that this abstention applies in "only exceptional circumstances." *Sprint Comm'n, Inc. v. Jacobs*, 571 U.S. 69 (2013). As outlined in *Sprint Communications*, *Younger* abstention only applies to three categories of claims: (1) "federal intrusion into ongoing state criminal prosecutions; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Comm'n*, 571 U.S. at 70. The Court agrees with Knighton's contention that her case does not fall into any of these narrowly defined categories and, therefore, finds that Knighton's claims are not barred by *Younger* abstention.

It is clear from the complaint that this case is primarily a civil action for damages under § 1983, and this Court plainly has jurisdiction over, and no grounds to abstain from hearing, this

4

action. Having determined jurisdiction, the Court now turns to whether Knighton has alleged claims for which relief could be granted.

### C. Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). "Viewing the facts . . . in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009).

The Court has examined Defendant Graves's extensive memoranda of authorities and finds little support for her arguments under either the facts or the law. At this time, the Court finds insufficient facts to make a determination as to whether Graves was acting under color of law, though on the present record, it appears that Graves and her cohorts have checked every box. Grave's motion to dismiss for failing to state a claim is therefore denied.

**IT IS HEREBY ORDERED** that Defendant Kathy Graves's motion to dismiss is **DENIED**.

SO ORDERED this 29th day of March, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

5