## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**CHELSEA JADE KNIGHTON**                                                    **Plaintiff**

**v.**                                                              **No: 3:22-cv-056-MPM-RP**

**BENTON COUNTY, MISSISSIPPI;**
**KATHY GRAVES, officially and individually;**
**ROBERT GOOLSBY, officially and individually;**
**STEVE BELEW, officially and individually; and**
**JOHN DOES 1-10**                                                          **Defendants**

## ORDER

This cause comes before the Court on Defendant Benton County, Mississippi, and Defendant Robert Goolsby's Motion to Dismiss [43] pursuant to Federal Rule 12(b)(6). Plaintiff has responded in opposition to the motion [46], and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

## FACTUAL BACKGROUND

This matter arises out of a familial dispute between the plaintiff, Chelsea Knighton, and her mother-in-law, Kathy Graves, who serves as the Circuit Clerk of Benton County, Mississippi. Their ongoing dispute has been fueled by allegations of drug abuse and child custody battles over the plaintiff's daughter. During the course of their marriage, Graves's son was heavily involved with drugs, which sparked the events that occurred on February 2, 2021. Graves learned that her son was found passed out in a car from apparent drug use. She then traveled with Deputy Sheriff Steve Belew to Ms. Knighton's home. They presumed that Ms. Knighton was responsible for the son's apparent inebriety.

According to the Complaint, Officer Belew forced Ms. Knighton into a bathroom where he ordered her to remove her pants and provide a urine sample for drug testing. After Ms. Knighton refused to cooperate, Officer Belew allegedly forced her onto a couch, held her down, and vigorously swabbed her cheeks and mouth. Officer Belew alleged that the sample tested positive for opiates, but he refused to show Ms. Knighton the results. Deputies from the Benton County Sheriff's Department arrived later that day under order of Sheriff Robert Goolsby and arrested Ms. Knighton for child neglect. The plaintiff alleges that Sheriff Goolsby signed an affidavit stating that she had taken drugs in the presence of her child. It appears ex post facto that Sheriff Goolsby had no personal knowledge of these sworn facts, and no person witnessed the plaintiff take drugs in the presence of her child.

Though Ms. Knighton was tested multiple times, she never once tested positive for drugs in a valid test. It was later determined that Officer Belew's drug test kit was expired, resulting in a false positive. Nevertheless, Ms. Knighton remained in custody for over two weeks and, as a result of the false charges made against her, lost custody of her daughter. Ms. Knighton alleges that Graves unlawfully used her position and connections as Circuit Clerk to bring about the violations visited upon her.

The plaintiff brings this action asserting violations of the Due Process Clause of the First, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and other state law actions. Co-Defendants Benton County and Sheriff Goolsby argue that the claims against them should be dismissed for various reasons.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the

Court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). "Viewing the facts . . . in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc. v. Harrah's Operating Co*., 587 F.3d 314, 318 (5th Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "These standards are the same when a motion to dismiss is based on qualified immunity." *Terwilliger v. Reyna*, 4 F.4th 270, 279-80 (5th Cir. 2021). The crucial question is "whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 . . . and would overcome their qualified immunity defense." *Id*. at 280. It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate. *Id*.

## ANALYSIS

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the Constitution or federal law; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Cornish v. Correctional Servs. Corp*., 402 F.3d 545, 549 (5th Cir. 2005). Municipalities may be sued under § 1983 but are only responsible for their own acts and cannot be held liable on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-92 (1978). Instead, to state a plausible claim against Benton County, the plaintiff must allege that (1) a constitutional violation occurred, and (2) an official policy or custom was the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Co-Defendants Benton County and Sheriff Goolsby argue that the plaintiff has not satisfied either element.

I. **Claims Against Defendant Sheriff Goolsby**

a. **Liability of an Officer Under MTCA**

Defendant Sheriff Goolsby argues that he should be immune from liability under the Mississippi Tort Claims Act ("MTCA"), specifically pursuant to § 11-46-9(1)(c) which reads:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

MISS. CODE ANN. § 11-46-9(1)(c).

The defendants cite extensive case law providing examples of officer immunity but fail to apply the rule of law to the specific facts alleged in this case, and instead, only recite and misrepresent the plaintiff's allegations. It merits close consideration that this issue is bottomed on the following allegations by the parties. The plaintiff states in her Complaint:

**"Belew then aggressively said 'Opiates,' but would not show Plaintiff the alleged results from the expired drug test."** *Complaint* [1].

The defendants then interpret these allegations as:

**"Plaintiff also alleges that she tested positive for opiates."** *Memorandum in Support of Motion to Dismiss* [44]; **"Plaintiff alleged facts showing that Plaintiff had tested positive for opiates in the presence of her child."** *Reply to Response to Benton County and Sheriff Goolsby's Motion to Dismiss* [47]**.**

These misrepresentations by the defendants are simply unsupported. Their argument is specious. Such unbecoming sophistry is antithetical to earnest advocacy and borders on disrespect to the judicial process.

4

Nevertheless, this Court must consider, to some degree, whether Sheriff Goolsby is entitled to immunity under the MTCA. At this stage in the proceedings, it is unclear from the parties' contentions and conclusory allegations whether the acts and omissions of Sheriff Goolsby constitute "reckless disregard of the safety and well-being" of the plaintiff, although it appears plausible from the face of the plaintiff's Complaint. The Court finds that the issue of Sheriff Goolsby's liability should be determined later in the proceedings once both parties have provided sufficient evidence to properly argue their claims and defenses. Therefore, this Court dismisses Defendants' Motion to Dismiss as to this issue.

### b.  Vicarious Liability Under § 1983

The defendants contend that Sheriff Goolsby cannot be held liable under a *respondeat superior* theory unless he was personally involved in the constitutional injuries brought upon Ms. Knighton. This Court has reviewed the arguments opposing vicarious liability and finds them to be unpersuasive. Sheriff Goolsby personally involved himself when he ordered the unlawful arrest of Ms. Knighton and signed a false affidavit. It is unclear at this time whether the official policy of the Benton County Sheriff's Department was the moving force behind the plaintiff's constitutional violations.

### II.  Claims Against Defendant Benton County

### a.  Concessions

The defendants argue that Sheriff Goolsby, in his official capacity, is not amenable to suit under Mississippi law, and therefore, the claims against him and Benton County should be dismissed. The Fifth Circuit has determined, pursuant to Federal Rule of Civil Procedure 17(b), that the capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). As

the defendants noted in their *Memorandum in Support of Motion to Dismiss*, the Supreme Court of Mississippi has resolved this issue and concluded that the Sheriff's Department does not enjoy a separate legal existence from the County. Additionally, the United States Supreme Court has noted that official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

The plaintiff has conceded that the claims against Sherriff Goolsby in his official capacity are duplicative, and therefore, the Court finds that the official capacity claims against Sheriff Goolsby are dismissed. However, the claims against Sheriff Goolsby in his individual capacity remain intact.

### b. *Monell* Doctrine

The *Monell* doctrine establishes that a local government entity may not be sued under § 1983 for an injury inflicted *solely* by its employees or agents, but that the government entity may be responsible when the injury was executed as a result of its policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell,* 436 U.S. at 694. To state a plausible claim under *Monell*, the plaintiff must allege that (1) a constitutional violation occurred; and (2) an official policy or custom was the "moving force" behind the violation. *Piotrowski*, 237 F.3d at 578.

#### i. *Constitutional Violation*

The Fourth Amendment "prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017). The plaintiff has alleged sufficient facts that Defendant Belew did not have reasonable suspicion and/or probable cause to forcefully submit her to a drug test or to arrest her. Even more so, Defendant Goolsby did

not have probable cause or a warrant to enter the plaintiff's residence. As to the claims specifically against Co-Defendants Benton County and Sheriff Goolsby, the plaintiff sufficiently alleges that Sheriff Goolsby did not have probable cause to order his deputies to arrest her, nor did Sheriff Goolsby have probable cause to sign an affidavit without personal knowledge of the sworn facts stated therein.

This Court must accept Ms. Knighton's well-pleaded facts as true, and at this stage in the proceedings, the plaintiff must only plead a plausible claim that there was a violation of her constitutional rights to which she is entitled to relief. The defendants argue that Ms. Knighton has not met her burden; however, this Court disagrees. Ms. Knighton has clearly plead a violation of her First, Fourth, and Fourteenth Amendment rights, and it is abundantly clear that any reasonable officer would find that falsifying an affidavit and unlawfully arresting the plaintiff without probable cause and/or reasonable suspicion violates the plaintiff's constitutional rights under the law.

#### ii. *Official Policy or Custom*

A municipality may be held liable under § 1983 if the deprivation of a constitutional right was due to an official policy or custom. *Piotrowski*, 237 F.3d at 579. The relevant policy or custom need not be pled in exhaustive detail, but there must be enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2006). The complaint must go beyond boilerplate recitations of the elements and must contain factual allegations that provide fair notice of the claim's nature and the grounds upon which it rests. *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 843 (S.D. Tex. 2011).

Official policy is "ordinarily contained in duly promulgated policy statements, ordinances or regulations" but may also be established by custom. *Piotrowski*, 237 F.3d at 579. When a facially

valid policy is enacted but the municipality "fails to train its employees to execute it in a constitutional manner, that failure constitutes 'official policy' that can support municipal liability if it amounts to 'deliberate indifference.'" *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference is a stringent standard and can be established by either a pattern of similar violations or, "in rare circumstances" by showing a single incident in which the alleged violation was a "highly predictable" consequence of the municipal actor's decision. *Liggins v. Duncanville*, 52 F.4th 953, 956 (5th Cir. 2022).

At the motion to dismiss stage, "only minimal factual allegations should be required." *Thomas*, 800 F. Supp. 2d at 843. The plaintiff is not required to allege specific details regarding the inadequacies of the internal policies as it is very rare that the plaintiff will have access to this information prior to discovery. *Id*. The plaintiff bears the burden of pleading enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence" to support her claim. *Twombly*, 550 U.S. at 556. This Court finds that Ms. Knighton has met that burden. She has sufficiently pointed to "the policy and practice of Defendant" [Complaint ¶¶ 52-54] and elaborated on the specific conduct of Co-Defendants Benton County and Sheriff Goolsby which brought about her alleged constitutional violations [Complaint ¶ 83]. The issue of whether the internal policies and customs of Benton County were the driving force behind the plaintiff's alleged constitutional violations is not ripe for determination at this time, and the truth shall be determined beyond the motion to dismiss stage.

### c.  Qualified Immunity under § 1983

When a motion to dismiss is based upon qualified immunity, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of

qualified immunity.'" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Mississippi State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). To overcome the defense of qualified immunity, the plaintiff must plead "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a right is clearly established, it must be sufficiently clear "that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Once the district court finds the plaintiff has so pled, "if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *LeBlanc*, 691 F.3d at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)). !

The plaintiff alleges that Sheriff Goolsby filed a false affidavit in order to effectuate her unlawful arrest for child neglect. The pleadings indicate with specificity that Sheriff Goolsby had no personal knowledge of the plaintiff's drug test results, and nevertheless, signed a false affidavit stating that she had taken drugs in the presence of her child. The defendants intentionally misrepresent Ms. Knighton's allegations that she tested positive for opiates. If the plaintiff conceded to such allegations, there would be no claims for falsifying an affidavit in the first place. On its face, Ms. Knighton's Complaint alleges sufficient facts that, if true, would overcome the defense of qualified immunity. It is plausible from the pleadings that Co-Defendants Benton County and Sheriff Goolsby acted in such a manner that violated Ms. Knighton's constitutional rights and that any reasonable official would understand that falsifying an affidavit violates those rights. Therefore, this Court finds that the plaintiff's complaint survives the Motion to Dismiss.

**CONCLUSION**

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [43] is **DENIED** as to Sheriff Goolsby's immunity under the Mississippi Tort Claims Act pursuant to § 11-46-9(1)(c). As mentioned above, this matter is to be adjudicated at the summary judgement stage once both parties have sufficiently argued their claims and defenses.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [43] is **GRANTED** as to the plaintiff's duplicative claims against Co-Defendants Benton County and Sheriff Goolsby pursuant to Mississippi law. The Sheriff's Department does not enjoy a separate legal existence from the County, and therefore, the claims against Sheriff Goolsby in his official capacity are to be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [43] is **DENIED** as to qualified immunity. At this stage, the plaintiff has plead sufficient factual allegations to survive a motion to dismiss based on qualified immunity.

SO ORDERED this 27th day of October, 2023.


/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI